IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, CLEVELAND

| | |
|---|---|
| **R.W. BECKETT CORPORATION** <br> 38251 Center Ridge Road <br> North Ridgeville, Ohio 44039 <br><br> Plaintiff, <br><br> v. <br><br> **ALLIANZ GLOBAL CORPORATE & SPECIALTY SE, as successor to Fireman's Fund Insurance Company** <br> 1465 North McDowell Blvd., Suite 100 <br> Petaluma, California 94954 <br><br> and <br><br> **ACE FIRE UNDERWRITERS INSURANCE COMPANY, as successor to Aetna Fire Underwriters Insurance Company** <br> 436 Walnut Street <br> Philadelphia, Pennsylvania 19106 <br><br> and <br><br> **CENTURY INDEMNITY COMPANY, as successor to INA Insurance Company of Ohio** <br> 436 Walnut Street <br> Philadelphia, Pennsylvania 19106 <br><br> Defendants. | CIVIL ACTION NO. <br><br><br><br> **COMPLAINT** <br><br> (Breach of Contract, Declaratory Judgment and Bad Faith) <br><br> JURY DEMAND ENDORSED HEREON |

*Introduction*

1. This civil action is brought by an insured under commercial general liability insurance policies issued by Fireman's Fund Insurance Company, Aetna Fire Underwriters

1

Insurance Company and INA Insurance Company of Ohio. Plaintiff seeks a declaration compelling the reimbursement of counsel fees, settlements and other claim related expenditures it has incurred in defending and resolving litigated third party asbestos personal injury cases. Plaintiff further seeks a declaration confirming that policies of liability insurance issued to Plaintiff by Continental Casualty Company and Buckeye Union Insurance Company have exhausted, in consequence obligating Plaintiffs remaining primary liability insurers to reallocate their share of Plaintiff's defense and indemnify obligation in connection with pending and future third-party asbestos claims.

## *The Parties*

2. Plaintiff, R.W. Beckett Corporation ("R.W. Beckett"), is a for-profit Ohio corporation, maintaining its principal place of business at 38251 Center Ridge Road, North Ridgeville, Lorain County, Ohio.

3. Defendant, Allianz Global Corporate and Specialty SE, as successor to Fireman's Fund Insurance Company[1] ("Allianz"), is believed to be a for-profit corporation duly organized and existing under the laws of the Federal Republic of Germany with a place of business at 1465 North McDowell Boulevard, Suite 100, Petaluma, California. Allianz regularly does business in the State of Ohio, including without limitation, by and through its subsidiaries, engaging in the sale of insurance policies, administering claims and other insurance related business transactions.

4. Defendant, ACE Fire Underwriters Insurance Company, as successor to Aetna Fire Underwriters Insurance Company[2] ("ACE"), is believed to be a for-profit corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with its principal

---

[1] Sometimes hereinafter "FFIC".
[2] Sometimes hereinafter "Aetna".

place of business at 436 Walnut Street, Philadelphia, Pennsylvania. ACE regularly does business in the State of Ohio, including without limitation engaging in the sale of insurance policies, administering claims and other insurance related business transactions.

5. Defendant, Century Indemnity Company, as successor to INA Insurance Company of Ohio[3] ("Century"), is believed to be a for-profit corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 436 Walnut Street, Philadelphia, Pennsylvania. Century regularly does business in the State of Ohio, including without limitation engaging in the sale of insurance policies, administering claims and other insurance related business transactions.

## *Jurisdiction and Venue*

6. This Court has jurisdiction over R.W. Beckett's claims pursuant to 28 U.S.C. §1332, because there is diversity of citizenship between R.W. Beckett and the Defendants, and because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. §1391, because the insurance policies that are the subject of R.W. Beckett's *Complaint* were issued in this District, because the policies at issue insure R.W. Beckett which has its principal place of business in this District, and because the Defendants regularly conduct business in this District.

## *Factual Allegations*

8. At all times material to this cause of action, Buckeye Union Insurance Company ("Buckeye"), Continental Casualty Company ("Continental"),[4] FFIC, Aetna and INA were in the

---

[3] Sometimes hereinafter "INA".
[4] Buckeye and Continental are sometimes referred to collectively hereinafter as "CNA".

business of underwriting commercial general liability insurance coverage for policy holders seeking to insure against the risk of losses from completed operations and/or third party product liability claims.

9. From December 31, 1970 until December 31, 1973, Buckeye provided primary liability insurance coverage for R.W. Beckett, consisting of a commercial general liability policy bearing #CBP-3693, and from December 31, 1973 until December 31, 1976, Buckeye provided primary liability insurance coverage for R.W. Beckett, consisting of a commercial general liability policy bearing #CBP-6596 (the "Buckeye Policies").

10. Despite a diligent search, R.W. Beckett has been unable to locate copies of the Buckeye Policies.

11. Continental provided primary liability insurance coverage for R.W. Beckett under the following commercial general liability policies (collectively the "Continental Policies"):[5]

(a) From December 31, 1976 until December 31, 1978 under policy #3064147 (a true and correct copy of the referenced Continental Policy is appended hereto as Exhibit "A" and incorporated herein by reference);

(b) From December 31, 1978 until December 31, 1979, under policy #3922007 (a true and correct copy of the referenced Continental Policy is appended hereto as Exhibit "B" and incorporated herein by reference); and

(c) From December 31, 1979 until January 31, 1980, under policy #005308326 (a true and correct copy of the referenced Continental Policy is appended hereto as Exhibit "C" and incorporated herein by reference).

---

[5] The Buckeye Policies and the Continental Policies are sometimes referred to collectively hereinafter as the CNA Policies.

4

12. From February 1, 1980 until February 1, 1981, FFIC provided primary liability insurance coverage for R.W. Beckett, consisting of a commercial general liability policy bearing #MXP-358-05-16 (the "FFIC Policy"). A true and correct copy of the FFIC Policy is appended hereto as Exhibit "D" and incorporated herein by reference.

13. Upon information and belief, R.W. Beckett understands that Allianz has purchased from FFIC certain duties and liabilities, including the FFIC defense and indemnity obligations that are the subject of this *Complaint*.

14. From February 1, 1981 until February 1, 1984, Aetna provided primary liability insurance coverage for R.W. Beckett, consisting of a commercial general liability policy bearing #CPP-42-68-15 (the "Aetna Policy"). A true and correct copy of the Aetna Policy is appended hereto as Exhibit "E" and incorporated herein by reference.

15. Upon information and belief, R.W. Beckett understands that ACE has purchased from Aetna certain duties and liabilities, including the Aetna defense and indemnity obligations that are the subject of this *Complaint.*

16. From February 1, 1984 until February 1, 1986, INA provided primary liability insurance coverage for R.W. Beckett, consisting of a commercial general liability policy bearing #MFC-DO-9948-48-A (the "INA Policy"). A true and correct copy of the INA Policy is appended hereto as Exhibit "F" and incorporated herein by reference.

17. Upon information and belief, R.W. Beckett understands that Century has purchased from INA certain duties and liabilities, including the INA defense and indemnity obligations that are the subject of this *Complaint.*

18. The CNA Policies, the FFIC Policy, the Aetna Policy and the INA Policy do not include any self-insured retention or deductible, nor do they include any product or asbestos exclusions.

19. Since approximately 1998, R.W. Beckett has been a party to hundreds of lawsuits in at least eight different states by claimants seeking damages for personal injuries alleging exposure to asbestos containing material in products marketed by R.W. Beckett (the "Asbestos Claims").

20. By letter dated November 7, 2014, following a tender by R.W. Beckett, FFIC agreed, under reservation, to defend and indemnify R.W. Beckett under the FFIC Policy for all then pending Asbestos Claims.

21. By letter dated June 19, 2015, following a tender by R.W. Beckett, ACE agreed, under reservation, to defend and indemnify R.W. Beckett under the Aetna Policy for all then pending Asbestos Claims.

22. By letter also dated June 19, 2015, following a tender by R.W. Beckett, Century agreed, under reservation, to defend and indemnify R.W. Beckett under the INA Policy for all then pending Asbestos Claims.

23. By letter dated June 24, 2015, following a tender by R.W. Beckett, CNA agreed, under reservation, to defend and indemnify R.W. Beckett under the Continental Policies for all then pending Asbestos Claims.

24. By correspondence dated August 21, 2015, following a tender by R.W. Beckett, CNA agreed, under reservation, to defend and indemnify R.W. Beckett under the Buckeye Policies for all then pending Asbestos Claims.

25. From the date Defendants acknowledged coverage for the Asbestos Claims, and continuing for a period of time thereafter, the CNA Policies, the FFIC Policy, the Aetna Policy and the INA Policy discharged their defense and indemnity obligations to R.W. Beckett as part of an informal cost sharing arrangement.

26. The cost-sharing arrangement referenced in Paragraph 25 of this *Complaint* provided for CNA to assume 62.69% of R.W. Beckett's defense and indemnity costs arising from the Asbestos Claims, for Century and ACE to assume 31.09% of R.W. Beckett's defense and indemnity costs arising from the Asbestos Claims, and for Allianz to assume 6.22% of R.W. Beckett's defense and indemnity costs arising from the Asbestos Claims.

27. On November 10, 2017, R.W. Beckett entered into a *Confidential Settlement and Release Agreement* with CNA resolving a coverage dispute with CNA regarding the Continental Policies (the "Settlement Agreement"). R.W. Beckett has not attached a copy of the Settlement Agreement to this *Complaint* because the terms of the Settlement Agreement are subject to a confidentiality provision. Allianz, ACE and Century are nevertheless familiar with the terms of the Settlement Agreement, having obtained a copy by executing a *Confidentiality Agreement to Review Settlement Agreement*.

28. As a result of the Settlement Agreement, the CNA Policies have exhausted extinguishing CNA's defense and indemnity obligation for the Asbestos Claims.

29. R.W. Beckett has advised Allianz, ACE and Century (sometimes collectively hereinafter the "Non-Settling Insurers") that the CNA Policies have exhausted and has instructed the Non-Settling Insurers to reallocate their respective percent shares of R.W. Beckett's defense and indemnity obligation for the Asbestos Claims, to reflect that the Non-Settling Insurers are now

7

responsible for funding 100% of R.W. Beckett's defense and indemnity obligation for the Asbestos Claims.

30. ACE and Century have refused to reallocate their percent share of R.W. Beckett's defense obligation for the Asbestos Claims.

31. Allianz has refused to reallocate its percent share of R.W. Beckett's defense and indemnity obligation for the Asbestos Claims.

32. Not only has Allianz refused to reallocate FFIC's percent share of R.W. Beckett's defense and indemnity obligation for the Asbestos Claims, but Allianz has stopped paying for any of R.W. Beckett's defense expenditures in connection with the Asbestos Claims.

33. On account of the Non-Settling Insurers refusing to reallocate their percent shares of R.W. Beckett's claim expenditures for the Asbestos Claims, R.W. Beckett has been forced to fund 68.91% of the bills issued by local counsel to defend its interests in the Asbestos Claims, which share of its defense costs is properly the responsibility of the Non-Settling Insurers.

34. R.W. Beckett has incurred $136,839.15 in defense costs on account of the Non-Settling Insurers' refusal to reallocate their now 100% share of R.W. Beckett's defense costs for the Asbestos Claims under the FFIC Policy, the Aetna Policy and the INA Policy, which amount continues to accrue.

35. On account of Allianz' refusal to reallocate its percent share of R.W. Beckett's claim expenditures for the Asbestos Claims, R.W. Beckett has been forced to fund a portion of Allianz' share of indemnity payments agreed to by the Non-Settling Insurers to settle certain of the Asbestos Claims.

36. R.W. Beckett has paid $13,062.50 to fully fund settlements agreed to by the Non-Settling Insurers on account of Allianz' refusal to pay its proper allocated share of indemnity to settle Asbestos Claims under the FFIC Policy, which amount continues to accrue.

37. As a result of the Settlement Agreement, the Non-Settling Insurers are not entitled to equitable contribution from CNA.

38. As a further result of the Settlement Agreement, the Non-Settling Insurers are not entitled to any settlement credits from R.W. Beckett.

### *COUNT I-Breach of Contract*

39. R.W. Beckett incorporates herein by reference paragraphs 1 through 38, inclusive, of this *Complaint*.

40. Under the FFIC Policy, the Aetna Policy and the INA Policy, the Non-Settling Insurers are obligated to pay 100% of R.W. Beckett's defense and indemnity obligations with respect to the Asbestos Claims.

41. The Non-Settling Insurers have failed to fully defend and indemnify R.W. Beckett against the Asbestos Claims.

42. The failure of the Non-Settling Insurers to fully defend R.W. Beckett and to indemnify R.W. Beckett against the Asbestos Claims is contrary to the FFIC Policy, the Aetna Policy and the INA Policy, and constitutes a breach of the Non-Settling Insurers' contractual obligations to R.W. Beckett under the FFIC Policy, the Aetna Policy and the INA Policy.

43. R.W. Beckett is entitled to be reimbursed for all counsel fees and claim related costs incurred to defend against the Asbestos Claims on account of he Non-Settling Insurers' refusal to reallocate and as a result of Allianz ceasing to make any defense payments on account of the Asbestos Claims since the Settlement Agreement, said costs currently amounting to $136,839.15.

44. R.W. Beckett is entitled to be reimbursed for the share of indemnity it has paid to settle Asbestos Claims on account of the Non-Settling Insurers' refusal to reallocate, which settlement share currently amounts to $13,062.50.

45. All conditions precedent under the FFIC Policy, the Aetna Policy and the INA Policy for reimbursement of defense costs and sums paid by R.W. Beckett to settle the Asbestos Claims have been performed, occurred or waived, and/or the Non-Settling Insurers' are estopped from denying the performance or occurrence of such conditions.

*COUNT II-Declaratory Judgment*

46. R.W. Beckett incorporates herein by reference Paragraphs 1 through 45, inclusive, of this *Complaint*.

47. This count is brought under the federal Declaratory Judgments Act, Title 28 of the United States Code, §2201.

48. An actual and immediate controversy has arisen between R.W. Beckett and the Non-Settling Insurers relative to their legal rights and duties under the FFIC Policy, the Aetna Policy and the INA Policy.

49. The conduct of the Non-Settling Insurers in refusing to reallocate the percent share of their responsibility for defense and indemnity under their respective policies, and to reimburse R.W. Beckett for defense costs and settlement payments incurred by R.W. Beckett on account of the Non-Settling Insurers' refusal to reallocate, is unreasonable, in bad faith and is contrary to the FFIC Policy, the Aetna Policy and the INA Policy.

50. R.W. Beckett seeks a declaratory judgment that Allianz has materially breached the FFIC Policy, that ACE has materially breached the Aetna Policy, and that Century has materially breached the INA Policy by failing to reimburse R.W. Beckett for defense costs and settlement

payments, that the conduct of the Non-Settling Insurers constitutes bad faith, and that based upon the conduct of the Non-Settling Insurers, R.W. Beckett is entitled to damages including pre and post-judgment interest and reasonable attorneys' fees.

### *COUNT III-Bad Faith*

51. R.W. Beckett incorporates herein by reference Paragraphs 1 through 50, inclusive, of this *Complaint*.

52. The refusal of the Non-Settling Insurers to reallocate their percent share of responsibility for defense and indemnity under the FFIC Policy, the Aetna Policy and the INA Policy, and to reimburse R.W. Beckett for defense costs and settlement payments incurred by R.W. Beckett on account of the Non-Settling Insurers' refusal to reallocate, is unreasonable, in bad faith, is contrary to the FFIC Policy, the Aetna Policy and the INA Policy, constitutes a frivolous and unfounded refusal to pay proceeds of triggered policies, breach of a known duty, breach of the covenant of good faith and fair dealing, and is motivated exclusively by self-interest and thus is without any reasonable justification.

### **PRAYER FOR RELIEF**

WHEREFORE, R.W. Beckett seeks judgment in its favor as follows:

A. On Count I of its *Complaint*: (1) a joint and several judgment in the amount of $149,901.65 against the Non-Settling Insurers constituting costs expended by R.W. Beckett for counsel fees and expenses in defending the Asbestos Claims and for sums paid by R.W. Beckett to settle the Asbestos Claims, including any such amounts accruing during the pendency of this litigation; (2) pre-judgment and post-judgment interest; (3) court costs; and (4) such further legal and equitable relief to which it is entitled.

B. On Count II of its *Complaint*: (1) a judgment declaring the Non-Settling Insurers' rights, duties and responsibilities under the FFIC Policy, the Aetna Policy and the INA Policy; (2) an Order requiring the Non-Settling Insurers to comply with their obligations under the FFIC Policy, the Aetna Policy and the INA Policy; (3) an Order requiring the Non-Settling Insurers to reimburse R.W. Beckett for all counsel fees and settlement payments R.W. Beckett has been forced to front as a result of their material breach of the FFIC Policy, the Aetna Policy and the INA Policy; (4) pre-judgment and post-judgment interest; (5) an award of attorneys' fees; (6) court costs; and (7) such further legal and equitable relief to which it is entitled.

C. On Count III of its *Complaint*: (1) a joint and several judgment against the Non-Settling Insurers in the amount of $149,901.65 constituting costs expended by R.W. Beckett for counsel fees and expenses in defending the Asbestos Claims and for all sums paid by R.W. Beckett to settle the Asbestos Claims, including any such amounts accruing during the pendency of this litigation; (2) pre-judgment and post-judgment interest; (3) an award of attorneys' fees; (4) an award of punitive damages; (5) court costs; and (4) such further legal and equitable relief to which it is entitled.

        Respectfully submitted

        */s/ Howard T. Lane*
        Howard T. Lane, Esq. (OH Bar Reg. #0062251)
        FAUVER CO., LPA
        409 East Avenue, Suite A
        Elyria, Ohio 44035
        Telephone: 440.934.3700
        Fax: 440.934.3708
        E-Mail:hlane@fkwdlaw.com
        Attorney for Plaintiff R.W. Beckett Corporation

## **JURY DEMAND**

R.W. Beckett demands a trial by jury on all issues so triable.

>*/s/ Howard T. Lane*
>Howard T. Lane, Esq. (OH Bar Reg. #0062251)
>Attorney for Plaintiff R.W. Beckett Corporation